UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
AVROHOM WOLOWIK,                          :    07 Civ.7130
                                          :    (CLB)
                                          :
         Plaintiff,                       :    **ANSWER**
                                          :
                                          :
         -against-                        :
                                          :
CONTROL CREDIT MANAGEMENT,                :
INC., FIRST ASSURANCE and                 :
T-MOBILE                                  :
                                          :
         Defendants.                      :
                                          :
-------------------------------------------------------X

Defendant, T-Mobile USA, Inc., sued herein as T-Mobile, by and through its attorneys, Law Offices of Marc A. Rapaport, as and for its answer to Plaintiff's Complaint ("Complaint"), states as follows:

1. Denies Paragraph 1, except admits that Plaintiff purports to proceed as stated therein.

2. Denies the allegations in Paragraph 2, except admits that Plaintiff purports to proceed as stated therein.

3. Denies knowledge and information sufficient to respond to paragraph 3.

4. Admits the allegations of paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

1

7. Denies the allegations of Paragraph 7, except admits that Plaintiff was a customer of T-Mobile, and refers to the applicable contract documents and customer records for the Plaintiff's account number and dates on which Plaintiff received cellular phone service.

8. Denies paragraph 8, except to admit that Plaintiff was a customer of T-Mobile, and that his cellular telephone service was interrupted as a result of Plaintiff's failure to pay certain amounts due for cellular telephone service.

9. Denies paragraph 9, except denies knowledge or information sufficient to form a belief as to Plaintiff's contention that he moved from Illinois to New York and that he intended to cease using his Bank Financial checking account.

10. Denies paragraph 10, except denies knowledge or information sufficient to form a belief as to nature and/or amount of fees, if any, charged to Plaintiff by his bank.

11. Denies paragraph 11, except to admit that at some point, Plaintiff's cellular telephone service was interrupted because of his failure to remit amounts owed in connection with such service. .

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies the allegations of paragraph 13, except denies knowledge or information sufficient to form a belief as to the truth of the Plaintiff's allegation that his mail was forwarded from Illinois to New York.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Denies the allegations of paragraph 15, except admits that there were telephone communications between Plaintiff and T-Mobile.

16. Denies the allegations of paragraph 16, except admits that T-Mobile sent invoices and/or account statements to Plaintiff.

17. Denies the allegations of paragraph 17, except admits that T-Mobile sent invoices and/or account statements to Plaintiff, and that Plaintiff may have made certain payments in connection therewith.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. With respect to paragraph 19, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except denies that Plaintiff "did not owe anything" to T-Mobile.

20. With respect to paragraph 20, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, except denies Plaintiff's contentions that "he did not owe anything" and that T-Mobile "owed Plaintiff money."

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denies paragraph 23, except denies knowledge or information sufficient to respond as to any letters sent or received by Plaintiff or as to Plaintiff's contention that he "did not know what else to do."

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. With respect to the allegations contained in paragraph 25 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 24 as if fully set forth herein.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. With respect to the allegations contained in paragraph 33 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 32 as if fully set forth herein.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies the allegations contained in paragraph 43.

44. Denies the allegations contained in paragraph 44.

45. Denies the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. With respect to the allegations contained in paragraph 48 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 47 as if fully set forth herein.

49. Denies the allegations contained in paragraph 49.

50. Denies the allegations contained in paragraph 50.

51. Denies the allegations contained in paragraph 51.

52. With respect to the allegations contained in paragraph 52 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 51 as if fully set forth herein.

53. Denies the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. Denies the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. With respect to the allegations contained in paragraph 57 of the Complaint. repeats and realleges each and every response to paragraphs 1 through 56 as if fully set forth herein.

58. Denies the allegations contained in paragraph 58.

59. Denies the allegations contained in paragraph 59.

60. Denies the allegations contained in paragraph 60.

61. Denies the allegations contained in paragraph 61.

## AS AND FOR A FIRST DEFENSE

62. The Complaint fails to state a cause of action against T-Mobile.

## AS AND FOR A SECOND DEFENSE

63. The Complaint is barred, in whole or in part, to the extent that it was not filed within the period of time mandated by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

64. T-Mobile acted in good faith and diligently at all times, and any and all representations made by T-Mobile with respect to Plaintiff and/or Plaintiff's debt to T-Mobile were accurate.

## AS AND FOR A FOURTH DEFENSE

65. T-Mobile is not a "debt collector" within the meaning of the Fair Debt Collection Practices Act (FDCPA).

## AS AND FOR A FOURTH DEFENSE

66. Upon information and belief, Plaintiff failed to mitigate damages, if any exist, as required under the law.

## AS AND FOR A FIFTH DEFENSE

67. Any damages or loss sustained by Plaintiff were causes solely by the culpable conduct on the part of Plaintiff.

68. Plaintiff is therefore not entitled to recover.

## AS AND FOR A SIXTH DEFENSE

69. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**WHEREFORE**, Defendant T-Mobile, USA, Inc. demands judgment as follows:

(1) dismissing the Complaint in its entirety;

(2) awarding Defendant costs and disbursements of this action; and

(3) granting Defendant such other and further relief as the Court may deem just and proper.


Dated: November 13, 2007
      New York, New York

                LAW OFFICES OF MARC A. RAPAPORT

                By: _/s/ Marc A. Rapaport_
                Marc A. Rapaport (MR 5775)
                350 Fifth Avenue, Suite 4400
                New York, New York 10118
                (212) 382-1600

                Attorneys for Defendant T-Mobile, USA, Inc.

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that he caused a true and accurate copy of the foregoing Answer of T-Mobile, by and through its attorney Law Offices of Marc A. Rapaport, Esq. to be served via electronic case filing and overnight mail on November 14, 2007 upon:

LAW OFFICES OF SHMUEL KLEIN, PC
Attorney for Plaintiff
268 Route 59 West
Spring Valley, NY 10977

_____
Marc A. Rapaport (MR5775)
LAW OFFICES OF MARC A. RAPAPORT, ESQ.
Attorney for Defendant
350 Fifth Avenue, Suite 4400
New York, NY 10118
(212)382-1600